# 05 - 11425 DPW

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRADLEY SAUNDERS, BRUCE FISHER, )
BRAD FELLERSEN and RICHARD )
HERBSTMAN, Individually and on Behalf )
of All Others Similarly Situated, )
 )
        Plaintiffs, )
 )
vs. )
 )
THE GILLETTE COMPANY, )
 )
        Defendant. )
_____ )

MAGISTRATE JUDGE Alexander

Case No.

CLASS ACTION COMPLAINT

RECEIPT # 65435
AMOUNT $ 250
JURY TRIAL DEMANDED SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

Plaintiffs, Bradley Saunders, Bruce Fisher, Brad Fellersen and Richard Herbstman, ("Plaintiffs"), bring this action against Defendant, The Gillette Company ("Gillette" or "Defendant"), on behalf of themselves, all others similarly situated, and allege upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

## OVERVIEW

1.    Plaintiffs bring this class action on behalf of a proposed class defined below ("Class") against Defendant, The Gillette Company ("Gillette") for the false and misleading advertising campaign waged by Gillette regarding its razor system, the M3 Power ("M3P"). Plaintiffs seek recovery for the unjust enrichment of Gillette as well as for violations of the Texas Deceptive Practices Act, Minnesota's Consumer Fraud Act, False Statements in Advertising Act, Unlawful Trade Practices Act and Deceptive Practices Act and the Illinois Consumer Fraud and Deceptive Business Practice Act.

2. As alleged more fully below, Gillette has misrepresented and concealed material information in the marketing, advertising and sale of the M3P.

3. Gillette misrepresented material facts regarding the M3P through a variety of media outlets, including print materials, television advertising, internet and point of sale marketing. Gillette misrepresented that the M3P would make hair stand "up and away from skin" so that a closer shave results.

4. Upon information and belief, Gillette was aware, prior to marketing and selling the M3P that the razor did not perform as advertised. Test results made available in certain court actions establish that Gillette did not have an adequate basis to make the claims set forth in its advertising of the M3P. Nevertheless, Gillette did not advise consumers that they could achieve substantially similar results from less expensive Gillette razors or razors from other companies.

5. As a result of Gillette's false and misleading statements and concealment, Plaintiffs and the Class spent thousands of dollars for M3Ps that did not perform as advertised.

6. Several courts both in the United States and Europe have recently enjoined Gillette from any further advertising misrepresentations regarding the M3P.

7. Plaintiffs asserts a claim for unjust enrichment as well as a claims under the Texas Deceptive Trade Practices Act (TX Bus. & Com. §17.01 *et seq.*), the Minnesota Consumer Fraud Act (Minn. Stat. §325F.69), the Minnesota False Statements in Advertising Act, (Minn. Stat. §325F.67), the Minnesota Deceptive Trade Practices Act (Minn. Stat. §325D.43) and the Minnesota Unlawful Trade Practices Act (Minn. Stat. §325D.09) and the Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1 *et seq.*)

8. Plaintiffs seek actual and/or compensatory damages, as well as recoverable statutory and punitive damages, restitution, equitable relief, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available.

## THE PARTIES

9. Plaintiff Bradley Saunders is a citizen of the State of Texas who resides in Bexar County. Plaintiff Saunders purchased an M3P.

10. Plaintiff Bruce Fisher is a citizen of the State of Minnesota who resides in Hennepin County. Plaintiff Fisher purchased an M3P.

11. Plaintiff Brad Fellersen is a citizen of the State of Minnesota who resides in Wright County. Plaintiff Fellersen purchased an M3P.

12. Plaintiff Richard Herbstman is a citizen of the State of Illinois who resides in Cook County. Plaintiff Herbstman purchased an M3P.

13. Defendant Gillette is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located in Boston, Massachusetts. Gillette has for many years been the nation's and world's largest supplier of shaving products in terms of dollars and units sold. Insofar as relevant to this litigation, Gillette manufactures a razor system under the name of "M3 Power."

## JURISDICTION AND VENUE

14. This Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332(d). Further, Plaintiffs and members of the proposed class are citizens of states different than defendant Gillette.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this district and conducts substantial business here and because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class:

> All persons or entities in Texas, Minnesota and Illinois who purchased the Gillette M3P. Excluded from this Class are Defendant, its affiliates, employees, officers and directors, persons or entities which distribute or sell M3P, and the Court.

Plaintiffs reserve the right to amend this Class definition if discovery and further investigation shows that the Class should be expanded or otherwise modified.

17. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs estimate that there are many thousands of purchasers of the M3P.

18. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

    a. Whether Defendant's advertisements and marketing of the M3P through various media outlets, including print materials, television advertising, point of sale material and internet, were false and misleading;

    b. Whether Gillette made false and/or misleading statements of fact to the Class and the public concerning the effectiveness of the M3P;

    c. Whether Gillette knew, or was reckless in not knowing, that its statements about the performance of the M3P were false and/or misleading;

    d. Whether Defendant has been unjustly enriched by its conduct;

  e. Whether Gillette's false and/or misleading statements of fact and its concealment of material fact regarding the performance of the M3P were likely to deceive the public;

  f. Whether, by the misconduct set forth in this Complaint, Gillette has engaged in unfair, deceptive or unlawful business practices with respect to the advertising, marketing and sale of M3P;

  g. Whether, by its conduct, Gillette violated the Texas Deceptive Trade Practices Act (TX Bus. & Com. §17.01 *et seq.*), the Minnesota Consumer Fraud Act (Minn. Stat. §325F.69), the Minnesota False Statements in Advertising Act, (Minn. Stat. §325F.67), the Minnesota Deceptive Trade Practices Act (Minn. Stat. §325D.43) and the Minnesota Unlawful Trade Practices Act (Minn. Stat. §325D.09) ; and the Illinois Consumer fraud and Deceptive Business Practice Act, 815 ILCS 505/1 *et seq.*

  h. Whether, as a result of Gillette's misconduct, Plaintiffs and the Class are entitled to compensatory, statutory and/or punitive damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and nature of such relief.

19. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are subject to no unique defenses.

20. Plaintiffs will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  a. It is economically impractical for members of the Class to prosecute individual actions;

5

      b.      The Class is readily definable;

      c.      Prosecution as a class action will eliminate the possibility of repetitious litigation; and

      d.      A class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

22.    Plaintiffs do not anticipate any difficulty in the management of this litigation.

### SUBSTANTIVE ALLEGATIONS

23.    Defendant Gillette is the world's market-share leader in wet shave razors. The men's systems razor and blade market is worth about $1.1 billion per year in the United States. Gillette holds about 90% of the dollar share of this market.

24.    Wet shave systems razors are among the fastest growing market segments of the consumer products industry. Gillette's continued growth in market share depends heavily on persuading consumers to "trade-up" from older shaving designs to new, premium-priced and technologically-advanced shaving products as they are introduced.

25.    Advertising is the primary means by which Gillette tries to persuade consumers to trade up to new products, and Gillette invests heavily in developing advertising claims to convince consumers to do so.

26.    Gillette launched the M3P in North America on May 24, 2004. It began advertising the product on May 17, 2004. Gillette called its M3P "revolutionary" because, using a AAA-sized battery in the razor handle, it was said to "deliver[] gentle pulses to the shaving cartridge that stimulate hair upward and away from the skin, making it dramatically easier to

shave more thoroughly than ever before."

27.  Hair raising claims are the cornerstone of Gillette's marketing for the M3P in each of the media in which Gillette advertises. At relevant times, on its website, Gillette asserted that the M3P's [m]icro-pulses raise the hair up and away from skin so you can shave closer and more thoroughly in one easy power stroke." Gillette's website also claims that the M3P's "pulsing action stimulates hair upward and away from the skin, making it dramatically easier to shave more thoroughly in one easy power stroke."

28.  Overall, the "hair raising" claim was advertised in various media, including the internet, television, print media, point of sale materials, and product packaging.

29.  Similar claims are made by Gillette on the retail package for the M3P. The package tells consumers that "[g]entle micro-pulses stimulate hair up and away from skin. In just one power stroke, you can get a closer and more thorough shave. So thorough, there is less need to reshave, which means less irritation."

30.  Gillette has also featured hair raising claims in its print advertisements for the M3P. A series of print ads says "Turn on the battery-powered motor. Micro-pulses raise the hair from your skin. So the PowerGlide blades can shave closer." A separate print advertisement says "NEW! Gillette M3 Power[.] Stimulates hair up and away from skin so you can get a closer and more thorough shave with less irritation."

31.  Gillette also has been aggressively advertising the M3P on television, featuring the same false and misleading hair raising claims discussed above. On information and belief, Gillette spends approximately 85% of its advertising budget for television time. Television ads making the deceptive claims have appeared many thousands of times in homes across the

country. Photoboards (i.e., still photographs and copy taken from the commercials) of some of these commercials make it clear that hair raising claims are the cornerstone of Gillette's efforts to persuade television viewers to buy the M3P. One series of television ads tells consumers, "New Gillette M3 Power. Turn it on and micro pulses raise the hair for the closet shave ever." A second series of ads (some employing slightly different wording) says, "Introducing Gillette M3P. Turn on Gillette's first micro-power shaving system. Micro pulses raise the hair so you shave closer."

32. The early television ads also included a 1.8 second-long animated dramatization of hairs growing. In the animation, the oscillation produced by the M3P is shown as green waves moving over hairs. In response, the hairs shown extended in length in the direction of growth and changed angle towards a more vertical position.

33. Such misrepresentations were material because the various modes of advertising by Gillette were aimed at consumers, including Plaintiffs and the class. Indeed, by the end of 2004, the M3P held a market share of 42% of the dollar sales of razor systems sold in the United States.

34. In December 2004, a court in Germany barred Gillette from making "hair raising" claims in that country.

35. In January 2005, Gillette revised its U.S. television advertising for the M3P, apparently in part based on the results of the litigation in Germany. The animated portion of the commercial was revised so that the hairs depicted no longer changed angle. However, the animation continued to depict a magnitude of extension that was a misrepresentation of the abilities of the razor. As such, the advertisements continued to be false and misleading.

8

36. Significantly, on May 31, 2005, in an injunctive action filed by Schick Manufacturing, Inc. against Gillette, the United States District Court for the District of Connecticut (Hall, J.), entered an Order granting a preliminary injunction against Gillette, enjoining it from "stating or communicating, directly or indirectly, by words or visual images, in any advertising packaging, promotional materials or promotional activities that: (1) the M3 Power razor or its micro-pulses or oscillations change the angle of hair in relation to the skin; or (2) the M3 Power razor or its micro-pulse or oscillations extend or lengthen hair by a magnitude or with a frequency that is not literally or physiologically accurate."

37. In its 25 page opinion regarding the injunction, the Court made several findings and/or referenced concessions made by Gillette regarding its [Gillette's] advertising campaign for the M3P. The Court held that "Gillette conceded during the hearing that the M3 Power's oscillations do not cause hair to change angle on the face. Its original advertisements depicting such an angle change are both unsubstantiated and inaccurate. Gillette also concedes that the animated portion of its television advertisement is not physiologically exact insofar as the hairs and skin do not appear as they would at such a level of magnification and the hair extension effect is 'somewhat exaggerated'. The court finds that the hair 'extension' in the commercial is greatly exaggerated." The Court went on to find "that any claims [by Gillette] with respect to changes in angle and the animated portion of Gillette's current advertisement are literally false."

38. Upon information and belief, since May 2004, at least thousands of consumers in Texas, Minnesota and Illinois, including the Plaintiffs, have purchased the M3P since first being subjected to the false advertising campaign associated with the M3P.

39. Upon information and belief, in its variety of advertising media: print, television, internet, point of sale materials and product packaging, Gillette has misrepresented the abilities of the M3P in order to garner a larger percentage of the razor market. As a result, consumers in Texas, Minnesota and Illinois have paid for a product that did not perform as advertised, and they paid more for the product than it was actually worth at the time of purchase.

40. To date, Gillette remains unwilling and/or unable to take any effective action to remedy the false advertising campaign for the M3P.

41. The harm caused by Defendant's false and misleading statements and omissions grossly outweighs any benefit that could be attributed to them.

42. Defendant is and has been aware of the scope of the problems with the M3P but has failed to take substantial corrective action.

## FIRST CAUSE OF ACTION
### Unjust Enrichment

43. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

44. By its wrongful acts and omissions, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiffs and the Class. Plaintiffs and the Class purchased the M3P razor that they either would not have purchased but for the misrepresentations made by Defendant or paid more than they would have for a razor that did not perform as advertised.

45. Plaintiffs and the Class seek restitution from Defendant and seek an Order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from the sale of M3Ps that would not have been received but for Gillette's conduct.

## SECOND CAUSE OF ACTION
### Violations of Texas Deceptive Practices Act
### (TX Bus. & Com. §17.01 *et seq.*)

46. Plaintiff Bradley Saunders realleges and incorporates the above allegations by reference as if set forth fully herein.

47. Plaintiff Bradley Saunders brings this cause of action on behalf of himself and on behalf of members of the class in Texas.

48. Plaintiff Bradley Saunders and other members of the class in Texas are consumers.

49. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

50. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the Texas Deceptive Practices Act.

51. Defendant's acts and practices have deceived and/or are likely to deceive members of the consuming public.

52. Defendant's acts and practices are unlawful because they violate TX Bus. & Com. § 17.46. Specifically, Defendant marketed and sold M3P and deceptively failed to disclose the fact that the razor system did not operate as advertised. Said marketing and sales, including omissions, were material and substantial.

53. Plaintiff Bradley Saunders and other members of the class in Texas have been damaged by Gillette in that they unknowingly purchased a razor - the M3P - that could not perform as advertised.

11

54. As a direct and proximate result of Gillette's unlawful, unfair and deceptive practices, Plaintiff Bradley Saunders and members of the class in Texas were injured and are entitled to damages.

55. Plaintiff Saunders, on behalf of himself and on behalf of the members of the class in Texas, seeks an order of this Court awarding all relief allowed under the Texas Deceptive Practices Act, plus interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**Violations of Minnesota Consumer Fraud Act and Minnesota False Statements in Advertising Act (Minn. Stat. §325F.67 and 69), Violations of Minnesota Unlawful Trade Practices Act (Minn. Stat. §325D.09) and Minnesota Deceptive Practices Act (Minn. Stat. §325D.43)**

56. Plaintiffs Bruce Fisher and Brad Fellersen reallege and incorporate the above allegations by reference as if set forth fully herein.

57. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the class in Minnesota.

58. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

59. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition and deceptive practices within the meaning of the Minnesota Consumer Fraud Act, the Minnesota False Statements in Advertising Act, the Minnesota Unlawful Trade Practices Act and the Minnesota Deceptive Practices Act.

60. Defendant's acts and practices have deceived and/or are likely to deceive members of the consuming public.

61. Defendant's acts and practices are unlawful because they violate the Minnesota Consumer Fraud Act, the Minnesota False Statements in Advertising Act, the Minnesota Unlawful Trade Practices Act and the Minnesota Deceptive Practices Act. Specifically, Defendant marketed and sold M3P and deceptively failed to disclose the fact that the razor system did not operate as advertised. The deceptive statements and omissions in this marketing program were material and substantial.

62. Plaintiffs, on behalf of themselves and on behalf of the members of the class from Minnesota, seek an order of this Court awarding all relief allowed under said statutes, plus interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Violations of Illinois Consumer Fraud and Deceptive Business Practice Act, (815 ILCS 505/1 *et seq.*)

63. Plaintiff Herbstman realleges and incorporate the above allegations by reference as if set forth fully herein.

64. Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the class in Texas.

65. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

66. At all times material hereto, plaintiff Herbstman and Gillette were persons within the meaning of section 1 (c) of the ICFA.

67. At all times material hereto, plaintiff Herbstman was a consumer within the meaning of section 1 (e) of the ICFA.

68. At all times material hereto, Gillette conducted trade and commerce within the meaning of section 1 (f) of the ICFA.

69. At all times material hereto, Gillette's trade and commerce included any trade or commerce directly or indirectly affecting the people of the state of Illinois.

70. At all times material hereto Gillette committed or engaged in unfair or deceptive acts or practices in the conduct of a trade or commerce, as alleged, within Section 2 of the ICFA.

71. At all times material hereto Gillette committed or engaged in the use or employment of a deception, fraud, false pretense, false promise, or misrepresentation, as alleged, within the meaning of Section 2 of the ICFA.

72. At all times material hereto Gillette committed or engaged in the concealment, suppression, or omission of a material fact, as alleged, with the intent that others rely upon the concealment, suppression, or omission of such material fact, in the conduct of a trade or commerce within the meaning of Section 2 of the ICFA.

73. The unlawful conduct committed or engaged in by Gillette in the conduct of a trade or commerce within the meaning of Section 2 of the ICFA includes its advertising, offering for sale and selling the M3P to plaintiff Herbstman and other members of the class in Illinois.

74. Defendant's acts and practices are unlawful because they violate the Illinois Consumer Fraud and Deceptive Business Practices Act. Specifically, Defendant marketed and sold M3P and deceptively failed to disclose the fact that the razor system did not operate as advertised. The deceptive statements and omissions in this marketing program were material and substantial.

75. Plaintiff on behalf of himself and on behalf of the members of the class in Illinois seek an order of this Court awarding all relief allowed under said statute, plus interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated pray for judgment against Defendant granting the following relief:

A.  An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B.  Restitution and disgorgement of all amounts obtained by Gillette as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

C.  Compensatory and punitive damages in an amount to be determined by the trier of fact;

D.  An order requiring Gillette to refund to Plaintiffs and all members of the Class the funds paid to Gillette for these falsely advertised products;

E.  Reasonable attorneys' fees and the costs of prosecuting this action; and

F.  Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED:   July 6, 2005

*/s/ David Pastor*
David Pastor (BBO #391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA  02109
Tel.: 617-742-9700
Fax.: 617-742-9701

**Of Counsel:**

Jason L. Brodsky
Evan J. Smith
Marc L. Ackerman
BRODSKY & SMITH, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA  19004
Tel.: 610-667-6200
Fax: 610-667-9029

**Attorneys for Plaintiffs**

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRADLEY SAUNDERS, BRUCE FISHER, BRAD FELLERSON and RICHARD HERBSTMAN, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**
THE GILLETTE COMPANY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Bexar (TX)
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David Pastor
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109  (617) 742-9700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity Action under 28 U.S.C. Section 1332 (d)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: Woodlock
DOCKET NUMBER: 05-11177-DPW

DATE: 7/7/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ David Pastor

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>BRADLEY SAUNDERS, et al. v.</u>
   <u>The Gillette Company</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   <u>Dearman v. The Gillette Company, No. 05-cv-11177 DPW</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>David Pastor, GILMAN AND PASTOR, LLP</u>
ADDRESS <u>60 State Street, 37th Floor, Boston, MA 02109</u>
TELEPHONE NO. <u>617-742-9700</u>

(Coversheetlocal.wpd - 10/17/02)